Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 191031-41836
DATE: July 30, 2021

REMANDED

Entitlement to service connection for a mental disorder to include neurobehavioral disability is remanded.

REASONS FOR REMAND

The Veteran served honorably in the United States Marine Corps from August 1981 to July 1985. 

The Veteran received a bad conduct discharge for the period of service from July 1985 to March 1989,which is a bar to VA benefits under 38C.F.R. §3.12 (C) for this period of service.

This matter comes before the Board of Veterans' Appeals (Board) from an October 2019 rating decision that denied service connection for the claim noted above. 

In October 2019, the Veteran elected direct review under the Appeals Modernization Act (AMA). In May 2020, the Board of Veterans' Appeals (Board) denied the Veteran's claim of entitlement to service connection for a mental disorder. Thereafter, the Veteran appealed to the United States Court of Appeals for Veterans Claims (CAVC), which vacated the Board decision in a March 2021 Order, based upon a Joint Motion for Remand (JMR).

Entitlement to service connection for a mental disorder to include neurobehavioral disability is remanded.

As per the March 2021 JMR, a remand is necessary because the Board erred in its determination that VA satisfied its duty to assist when it relied on the September 2019 medical examination as adequate to adjudicate the claim. Specifically, 

the parties agreed that the 2019 opinion was inadequate because the examiner failed to state whether or not the Veteran had a current diagnosis of a neurobehavioral disability. This constitutes a pre-decisional duty-to-assist error as the September 2019 examination report was of record at the time of the October 2019 rating decision on appeal. As such, a remand is necessary to correct it as noted by the parties to the JMR.

VA has a duty to ensure that any medical examination or opinion it provides is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Therefore, on remand, an examination should be schedule to the Veteran to determine if the Veteran has a current diagnosis of a mental disorder to include a neurobehavioral disability and the VA examiner must provide an adequate rationale and finding. 

This matter is REMANDED for the following action:

Schedule the Veteran for a VA examination with an examiner with the proper expertise to determine the nature and etiology of any diagnosed mental disorder to include a neurobehavioral disability. The entire claims file must be made available to and be reviewed by the examiner. Any indicated tests and studies must be accomplished and all clinical findings must be reported in detail and correlated to a specific diagnosis. An explanation for all opinions expressed must be provided.

(a) The examiner must determine if the Veteran has or has had a current diagnosis of a mental disorder during the course of the appeal.

(b) The examiner must also determine if the Veteran has or has had a current diagnosis of a neurobehavioral disability has been present during the course of the appeal. 

(c) If the examiner finds current diagnoses of any mental disorder and/or neurobehavioral disability is present; the examiner is to provide an opinion as to whether it is at least as likely as not (probability of approximately 50 percent) that the Veteran's mental disorder and/or neurobehavioral disability had its onset in service or is causally related to service.

The examiner must provide a complete rationale for his or her opinion(s) in the examination report. If any of the above requested opinions cannot be made without resort to speculation, the examiner must state this and provide a rationale for such conclusion.

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Dworkin, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.